**Roy LAMAR, Jr. and Roy Wayne Lamar, Plaintiffs–Appellants,**

v.

**AMERICAN BAR ASSOCIATION ex rel. Alfred P. Carlton, Jr. et al., Defendants–Appellees.**

No. 03–2073.

United States Court of Appeals, Seventh Circuit.

Submitted Dec. 18, 2003.*

Decided Jan. 13, 2004.

Roy Lamar, Jr., pro se, Roy W. Lamar, pro se, Rosiclare, IL, for Plaintiffs–Appellants.

Before POSNER, COFFEY, and KANNE, Circuit Judges.

ORDER

Roy Lamar and his son Wayne sued the American Bar Association under the civil remedies provision of the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1964(c). The complaint names (using the designation "ex rel.") nearly a dozen people who allegedly committed fraud against the elder Lamar, but it contains almost no information about the nature of the fraud, and only the vaguest indication of any involvement by the ABA.

The district court held a conference with the plaintiffs, at which it learned that the complaint arises from a family dispute over the disposition of the estate of Roy Lamar's sister. Most of the people named in the complaint are either lawyers involved in that dispute or judges whose "fraud" was to issue rulings against the Lamars. Finding no connection between the dispute in question and the RICO statute–and therefore no substantial federal question–the district court dismissed the case for lack of subject matter jurisdiction.

The district court was correct. "[A] frivolous suit which charges a violation of a federal statute 'arises under' federal law. Yet, because the suit is frivolous, subject matter jurisdiction over it is lacking." *United Phosphorus, Ltd. v. Angus Chem. Co.*, 322 F.3d 942, 950 (7th Cir.2003) (en banc) (citing *Bell v. Hood*, 327 U.S. 678, 682–83, 66 S.Ct. 773, 90 L.Ed. 939 (1946)). Although the Lamars' complaint invoked RICO, its claims under that statute are completely insubstantial and frivolous, and subject matter jurisdiction is therefore lacking. *See Williams v. Aztar Indiana Gaming Corp.*, 351 F.3d 294 (7th Cir.2003). The district court's dismissal of the action is

AFFIRMED.

---

* This appeal has been submitted without the filing of a brief by the appellees. After an examination of the appellant's brief and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the brief and the record. *See* Fed. R.App. P. 34(a)(2).